# CITY OF CHICAGO

## *v.*

# LUNT, PRESTON & KEAN.

TAXATION—*of government securities held by private bankers.*   Several persons associated together as partners, and doing business as private bankers, may invest their capital in bonds and negotiable securities of the United States, for the sole purpose of re-selling the same, and thus making a profit, and re-purchasing like securities to be sold in like manner, such capital being kept constantly absorbed in some form of such securities, and still be entitled to that immunity from State and municipal taxation which would be accorded to an individual holding the same securities.

APPEAL from the Circuit Court of Cook county ; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. S. A. IRVIN, for the appellant.

Messrs. SLEEPER, WHITON & DURHAM, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This case comes before the court upon the following stipulation as to the facts :

" The complainants formed a co-partnership on the 1st December, 1866, with a capital stock of $50,000, for the purpose of doing business as private bankers in the city of Chicago, making the purchase and sale of the various securities of the United States a principal feature of their business.

" Immediately after the formation of the partnership, the complainants invested their said capital in various bonds and negotiable securities of the United States, but only for the purpose of re-selling the same, and thus making a profit.

" From the formation of the partnership down to the present time, the complainants have constantly owned and held $50,000 and upwards of the bonds and negotiable securities of the United States, although the identity of the same was constantly changing by daily sales and new purchases by said complainants.

" The complainants, in the conduct of their business, receive deposits, which, since the 1st day of January, 1867, have constantly exceeded $100,000, and have made loans to their customers since that date which have at all times exceeded $100,000.   July 27th, 1869."

The question for decision upon these facts is, whether the complainants are liable to the city of Chicago for taxes upon their stock invested in United States securities.

We held, in *The People* v. *Bradley*, 39 Ill. 130, and in *Mc-Veagh* v. *The City of Chicago*, 49 Ill. 318, that bank stock invested in government bonds was liable to taxation.   It need hardly be said that the question now presented is totally different.   In this case, there has been no creation of an artificial person with special privileges which it accepts with the condition that its capital stock, no matter how invested, shall be subject to taxation.   Here is simply a private partnership, which has invested its funds in government securities, and it occupies precisely the same position that an individual would do who had invested his funds in like manner.   The capital of the partnership bears no resemblance to bank stock.   Its owners enjoy no special privileges, and there is no more reason why their capital, invested in government bonds, should be subjected to local taxation, than there would be if the same capital belonged to individuals.   When the owners of government bonds make them the basis of banking, they consent, by the terms of the act of congress, to the taxation of the stock into which the bonds are substantially converted.   But in this case there has been no such conversion.   The bonds in question are simply bonds, and not bank stock, or the basis of bank

stock, and are owned by a private partnership, and not by a corporation. We can see no grounds for denying them that immunity from taxation to which they are entitled by the act of congress.

The decree enjoining the city from the collection of the tax must be affirmed.

*Decree affirmed.*